# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. José R. Almonte |
| | : | |
| v. | : | Mag. No. 26-16206 |
| | : | |
| ROBERT NOONAN | : | |
| | : | **CRIMINAL COMPLAINT** |

I, Michael DelRusso, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

SEE ATTACHMENT A

I further state that I am a Special Agent with Homeland Security Investigations and that this complaint is based on the following facts:

SEE ATTACHMENT B

Continued on the attached page and made a part hereof.

/s/ Michael DelRusso

Michael DelRusso, Special Agent
Homeland Security Investigations

Special Agent Michael DelRusso attested to this Complaint by telephone pursuant to FRCP 4.1(b)(2)(A) on October 19, 2026 in the District of New Jersey

*Hon. José R. Almonte*

HONORABLE JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**
(Possession of Child Pornography)

On or about October 17, 2026, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**ROBERT NOONAN,**

did knowingly possess and knowingly accessed with intent to view, material that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8), which images had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

**ATTACHMENT B**

I, Michael DelRusso, am a Special Agent with Homeland Security Investigations. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with witnesses and other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. As part of its investigation into the sexual exploitation of minors and sharing of child sexual abuse material ("CSAM") via certain Internet platforms, law enforcement previously identified NOONAN as an individual that may have possessed child pornography.

2. In October 2026, law enforcement learned that NOONAN was traveling from Shannon, Ireland to Newark Liberty International Airport ("EWR") in Newark, New Jersey, on or about October 17, 2026.

3. On or about October 17, 2026, when NOONAN arrived at EWR on an incoming international flight, law enforcement executed a lawful search of NOONAN's phone (the "Noonan Device"). Noonan admitted that the Noonan Device belonged to him, and his face unlocked it.

4. During the search of the Noonan Device, law enforcement observed more than 100 images and videos depicting CSAM. These images included:

a. A video of a prepubescent female sitting with her legs spread apart while using the handle of a toothbrush to penetrate her vagina.

b. A video of a naked prepubescent male grabbing his penis.

c. A video of a female toddler exposing her breasts while changing into several different outfits.

d. Numerous photographs and videos of prepubescent children being penetrated by adults as well as objects.

5. Some of the CSAM images stored on the phone appear to have been formatted consistent with having been shared via a social media photo sharing application.

6. The images and videos depicting CSAM found on the Noonan Device were saved and stored in the device's photo application as well as in organized, labeled folders in a third-party file application. Some of the folders containing CSAM were labeled with first names.

7. In a voluntary interview with law enforcement that same day, NOONAN stated, in sum and substance and in part that he had "gone down a rabbit hole" and admitted he had the CSAM images on his phone, but stated he had "accidentally" downloaded them in the past while browsing through a social media application and then deleted them. The review of the NOONAN Device, however, as noted above, shows that the images were not in fact deleted.